IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,
f/k/a THE BANK OF NEW YORK
TRUST COMPANY, N.A.,
as SUCCESSOR TO
JPMORGAN CHASE BANK, N.A.
as TRUSTEE FOR RASC 2002KS4

    Plaintiff,

v.                                                             CASE NO. 1:10-cv-00221-SPM -GRJ

FRANK C. JOHNSON, JR.,
a/k/a FRANK JOHNSON, JR., and
RUTH B. JOHNSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion For Remand And Request For Expedited Ruling. (Doc. 11.) Defendants have filed a document entitled "Motion For The Court For Leave To File Defendants Oppose Motion Of The Plaintiff, To Remove The About Case Back To State Court" (Doc. 12), which the Court has considered as Defendants' response to Plaintiff's motion. The motion is, therefore, ripe for review. For the reasons discussed below, Plaintiff's Motion For Remand And Request For Expedited Ruling (Doc. 11) is due to be **GRANTED**.

### I. Background and Facts

This case is a foreclosure proceedings filed by Plaintiff in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida to foreclose on a mortgage secured by real property in Gainesville, Florida owned by Defendants.

The material facts, as disclosed in the pleadings filed in the state court action, are as follows. Defendants obtained a mortgage on April 10, 2002 from Mercantile Mortgage Company Corporation in the amount of $61,200, secured by real property located at 2960 SE 18th Avenue, Gainesville, Florida, 32674. The mortgage was assigned by Mercantile Mortgage Company Corporation to JPMorgan Chase Bank, N.A. ("JPMorgan") as Trustee. Defendants failed to make the monthly payment due on December 15, 2003 as well as all other payments required under the mortgage that came due after December 15, 2003. In March 2004 JPMorgan instituted foreclosure proceedings in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, case No. 04-CA-1039. That case did not proceed to a final judgment of foreclosure.

The state court case – removed to this Court - concerns another mortgage foreclosure action filed by the mortgage holder. In this case, Bank of New York Mellon, N.A. f/k/a/ The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, N.A. as Trustee for RASC 2002KS4 instituted foreclosure proceedings on September 14, 2008 against Defendants in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, case No. 08-CA-5581 (the State Court Foreclosure Action".) On February 17, 2009 Defendants unsuccessfully removed this same case to this Court. This Court remanded the case in an order dated November 4, 2009 because the Court did not have subject-matter jurisdiction over the case. *See, The Bank of New York Mellon Trust Company NA v. Frank Johnson, Jr. Ruth B. Johnson,* no. 1:09-CV-34-MP-AK (N.D. Fla. filed Nov. 4, 2009)

After the case was remanded to the state court and about eleventh months later,

on September 29, 2010 Plaintiff filed a Motion For Summary Judgment And Final Judgment Of Mortgage Foreclosure in the State Court Foreclosure Action. On November 9, 2010, the state court entered an Amended Final Summary Judgment Of Foreclosure granting Plaintiff's Motion For Summary Judgment And Final Judgment Of Mortgage Foreclosure in its entirety and setting the sale of the property for December 3, 2010. Defendants then without any legally cognizable basis again removed the State Court Foreclosure Action to this Court on the next day, November 10, 2010. (Doc. 1.)

## II. DISCUSSION

There are absolutely no legal grounds for removal of this case. There is no better evidence of this than the fact that Defendants already unsuccessfully attempted to remove this same case to this Court in 2009. In Defendants' failed previous attempt to remove the foreclosure action, the Court promptly remanded the case to state court appropriately noting in its remand order that "the Defendants have consistently made no attempt whatsoever to support federal jurisdiction in this case." *See, The Bank of New York Mellon Trust Company NA v. Frank Johnson, Jr. Ruth B. Johnson,* no. 1:09-CV-34-MP-AK (N.D. Fla. filed Nov. 4, 2009).

Almost one year later Defendants have removed the case - again without any legal basis. The removal this time suffers from numerous fundamental flaws and must be remanded to state court because there is no basis for federal jurisdiction – and even if there was – removal of this action two years after it was filed in state court is untimely.

Under 28 U.S.C. § 1441(a) & (b), a defendant may only remove a case in which the federal district court would have original jurisdiction over the action. This means

that for removal to be proper there must be a federal question present in the case or there must be diversity jurisdiction.

With regard to federal question jurisdiction, it is axiomatic that for the federal court to have original jurisdiction over an action, "[t]he grounds for removal must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim." 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2009). A removing defendant may not create jurisdiction by raising a federal question defensively except in very limited circumstances, such as where state law has been completely preempted by federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-94 (1987). That is exactly what Defendants have attempted to do. Without even filing a claim in the state court action raising a federal question, Defendants suggest in their response to the motion to remand that in some vague and unspecified way their civil rights were violated by Plaintiff's attorneys. (Doc. 12-1 p. 4.) Whether that has or has not occurred is completely irrelevant to the determination of whether this case can be removed.

While Defendants may bring federal claims against Plaintiff or Plaintiff's counsel, if they so choose (subject to the constraints of Rule 11 of the Federal Rules of Civil Procedure), Defendants may only do so by initiating a separate and independent action in federal court. They cannot, however, attempt to create federal question jurisdiction for removal purposes by alleging federal claims defensively to the foreclosure action. The state court action is a straight - forward mortgage foreclosure action under Florida law and does not raise any federal questions in the complaint. Accordingly, because there are no federal questions raised in the complaint filed in the State Court

Foreclosure Action, Defendants' attempt to remove the case was improper, thus, mandating that the Court remand this action to state court

The case also cannot be removed based upon diversity jurisdiction for the simple reason that only an out-of-state defendant can remove an action to federal court and not, as here, a Florida citizen. The express language in the removal statute prohibits removal by citizens of the state in which the action is brought. *See,* 28 U.S.C. § 1441(b)( [other than federal question actions] "any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." ); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005)(while "an in-state plaintiff may invoke diversity jurisdiction ... § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" ). Simply stated, a defendant who is a citizen of the State of Florida cannot remove an action to federal court based upon diversity jurisdiction even if there is complete diversity between the parties. *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir. 2001)("For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought."); *McMahon v. Presidential Airways, Inc.*, 410 F. Supp. 2d 1189, 1194-95 (M.D. Fla. 2006)("Although the parties ... are completely diverse, it is undisputed that removal was not proper on the basis of diversity of citizenship because the Defendants are Florida residents.") Because Defendants are Florida residents, sued in a Florida state court, they cannot remove this action based upon diversity of citizenship.

In addition to the fact that there are no grounds for removal, Defendants'

attempted removal is fundamentally flawed because the removal is untimely having been filed two years after the state court foreclosure action was filed. Pursuant to 28 U.S.C. § 1446(b) a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Here, Plaintiff filed its foreclosure complaint in state court on November 3, 2008. Defendants removed the case on November 10, 2010 – the day after the state court entered an order setting the sale of the property at issue – two years late and in an obvious attempt to delay the foreclosure sale.

Lastly, the Court must address Plaintiff's request for attorney's fees and expenses. 28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objective reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005).

This case presents a textbook example of a removal where the removing party had no basis, whatsoever, for removal, let alone an objectively reasonable basis. There is a complete absence of any argument to support either federal question jurisdiction or diversity jurisdiction. Moreover, in addition to the fact that the removal was filed two years too late, and is untimely, the Defendants' failed attempt to remove a year ago was rejected by this Court because Defendants "consistently made no attempt

whatsoever to support federal jurisdiction," a statement equally applicable to Defendants' removal this time. It is apparent that the only reason Defendants removed this action was to delay the state foreclosure action. Consequently, because there is absolutely no objectively reasonable basis for removal Plaintiff's request for fees and expenses is due to be granted.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion For Remand And Request For Expedited Ruling (Doc. 11) should be **GRANTED**. This case should be remanded to the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida. Furthermore, Plaintiff is entitled to an award of attorney's fees and expenses. In order to determine the amount of attorney's fees and expenses to be awarded, Plaintiff shall file within five (5) days an affidavit detailing the attorney's fees and expenses incurred by Plaintiff in bringing this motion. Defendants shall have five (5) days after receipt of Plaintiff's affidavit to file a response.  Upon receipt of Plaintiff's affidavit and Defendant's response, if any, the Court will issue a report and recommendation regarding the amount of attorney's fees and expenses to be awarded to Plaintiff.

**IN CHAMBERS**  this 24th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after**

**being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**